FOOTVILLE STATE BANK and David Peterson
d/b/a Footville Agri Service, Plaintiffs-
Respondents,

v.

Morris H. HARVELL, Defendant-Appellant,

Henry J. HARVELL, d/b/a Harvell Farms &
Harvell Dairy Farms, Defendant.†

Court of Appeals

*No. 88–0347. Submitted on briefs June 15, 1988.—Decided
September 15, 1988.*

(Also reported in 432 N.W.2d 122.)

† Petition to review and cross-review dismissed.

For the defendant-appellant the cause was submitted on the brief of *Robert J. Elliott,* of Janesville.

For the plaintiffs-respondents the cause was submitted on the brief of *Richard E. Rosenberg* and *Nowlan & Mouat,* of Janesville.

Before Gartzke, P.J., Dykman and Eich, JJ.

GARTZKE, P.J. Morris Harvell appeals from an amended judgment entered after our remand in an

earlier appeal.[1] In the first appeal, we reinstated jury findings that credit card transactions between Morris and respondents Footville State Bank and Footville Agri-Service violated the Wisconsin Consumer Act (WCA), chs. 421–427, Stats., and the Federal Consumer Credit Protection Act (FCCPA), 15 U.S.C. sec. 1601 et seq. We remanded for the trial court to determine the effect of the reinstated findings.

On remand, the trial court awarded $1,000 to Morris for the violations, declined to award attorney fees to Morris as the "prevailing party" under the WCA or the FCCPA, and entered an amended judgment against Morris for $24,716.14 damages less the $1,000 penalty and $2,639.90 in costs awarded to Morris on appeal. The $24,716.14 award includes the jury award against Morris for the reasonable value of goods and services provided to him and $8,658.93 for preverdict interest computed as provided in the credit card contract.

In his second appeal, Morris asserts that respondents' claims against him are void in their entirety but even if the claims are not void, contractual interest should not have been awarded. He argues that he is entitled to attorney's fees and costs as a "prevailing party" under the WCA and FCCPA. He also asserts he is entitled to penalties under both the WCA and the FCCPA.

We hold that respondents can recover preverdict interest only at the statutory rate of 5%, not the contractual rate. Morris is therefore a prevailing party entitled to reasonable attorney's fees under sec. 425.308(1), Stats. We reject his remaining arguments

[1]*Footville State Bank et al. v. Harvell,* No. 86–0804 unpublished slip op. (Wis. Ct. App. Sept. 17, 1987).

and affirm in part, reverse in part and remand for the trial court to allow preverdict interest at 5% and to determine Morris's reasonable attorney's fees and add them to the judgment. Those fees include an appropriate part of his fees on appeal.

## I.

### FACTS

A. *Trial and First Appeal*

Because the parties do not set forth the facts in their briefs or include the trial transcript, we rely on the facts stated in our first decision.

Morris operated a farm under an agreement with his son, Gus.[2] Gus applied to Agri-Service for credit through the "Wisconsin Farm Plan" and signed separate applications to establish credit for Morris under the Plan. Morris neither signed the application nor requested that the credit card be issued to him. Agri-Service issued credit cards in the names of Morris and Gus but retained the cards, which were used to generate billings when purchases were made.

In 1980 Gus made purchases from Agri-Service which were billed half to the Plan account for Gus and half to the Plan account for Morris. In late 1981 Gus filed bankruptcy and was discharged of his debt.

Agri-Service assigned its Plan accounts receivable to Footville State Bank. When payments were not made to the bank on the Plan account for Morris, the

[2]Morris operated a second farm with another son, Henry, who also obtained a Farm Plan credit card and made charges to his own account and to Morris's. In the first appeal, we affirmed the judgment as to Henry for charges to his account, including interest computed at the contract rate.

bank brought this action and joined Agri-Service as a plaintiff.

The case was tried to a jury. The trial court found that there was no agreement as to the price of the products and services furnished. The jury was therefore asked to determine the reasonable value of the products and services purchased by Gus and Henry but delivered and furnished to the account of Morris. The jury found that the reasonable value was $22,098.56. It also found that the sales to the account of Morris violated the WCA and FCCPA.

The trial court set aside the jury's findings that the WCA and FCCPA had been violated. It entered judgment against Morris for $15,957.21,[3] plus $8,658.93 preverdict interest based on the rate in the Plan: 18% per year on the first $500 and 12% on the balance.

Morris appealed. We observed that while the jury found Gus to be Morris's agent when making purchases, it was not asked whether Gus was Morris's agent to apply for credit on his behalf and to execute the necessary documents. We held that in the context of the issues litigated, the jury could have found that respondents violated the WCA when charging the cost of goods and services to Morris, since he had not signed the writing evidencing the consumer credit transaction and had not been given a copy of the instrument or document evidencing his obligation to

---

[3]The $15,957.21 is computed as follows: the jury found that the reasonable value of the goods and services purchased by Gus and charged to Morris's account was $11,871.83 and the reasonable value of the goods purchased by Henry and charged to Morris was $10,226.73, for a total of $22,098.56. The jury found that the goods charged through Henry and Gus were defective and that Morris's damages from those defects totaled $6,141.35.

529

pay.[4] We also held that the evidence supported a finding that respondents violated the FCCPA by issuing a credit card to Morris for which he had not applied.[5]

We reinstated the findings as to the WCA and FCCPA violations and remanded for the trial court to determine the effect of the reinstated jury findings. Because of that remand, we did not discuss Morris's argument that since no written agreement existed between Agri-Service and himself, he could not be charged preverdict interest at the contract rate. As we have noted, the trial court originally allowed preverdict interest at the contract rate amounting to $8,658.93.

B. *Proceedings on Remand*

On remand, Morris moved for an award of attorney's fees and a determination of appropriate penalties under the WCA and FCCPA. The trial court correctly concluded that because Morris did not sign the credit application by Gus and did not receive an exact copy of each instrument, the contractual documents cannot be used to enforce recovery against him on a theory of express contract. The trial court failed to consider the effect of this conclusion on the allowability of preverdict interest computed at the Plan rate.

---

[4]Section 422.302(3), Stats., provides,

> Before any payment is due, the creditor shall furnish the customer with an exact copy of each instrument, document, agreement and contract which is signed by the customer and which evidences the customer's obligation. If there is more than one customer, delivery of copies of the documents to one of them constitutes compliance with this subsection.

[5]15 U.S.C. sec. 1642 provides, "No credit card shall be issued except in response to a request or application therefor."

The trial court held that the only available remedy for the violation of sec. 422.302, Stats., was a $25 penalty. Since sec. 422.302 fails to specify a penalty section to which a violation applies, sec. 425.302(1), Stats., applies by virtue of subsec. (2). Section 425.302(1) provides:

A person who commits a violation to which this section applies is liable to the customer in an amount equal to:

(a) Twenty-five dollars; and

(b) The actual damages, including any incidental and consequential damages, sustained by the customer by reason of the violation.

The trial court concluded that liability for violation of the FCCPA is limited to actual damages sustained or twice the amount of any finance charge but not more than $1,000. 15 U.S.C. sec. 1640 provides in relevant part:

(a) Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this chapter or chapter 4 or 5 of this title with respect to any person is liable to such person in an amount equal to the sum of—

(1) any actual damage sustained by such person as a result of the failure;

(2)(A)(i) in the case of an individual action twice the amount of any finance charge in connection with the transaction, or (ii) in the case of an individual action relating to a consumer lease under chapter 5 of this title, 25 per centum of the total amount of monthly payments under the lease, except that the liability under this subparagraph shall not be less than $100 nor greater than $1,000; or

. . . .

(3) in the case of any successful action to enforce the foregoing liability or any action in which a person is determined to have a right of rescission under section 125, the costs of the action, together with a reasonable attorney's fee as determined by the court.

The trial court impliedly found that Morris had suffered no actual damages, concluded that multiple penalties are not allowed, and limited Morris's recovery under the WCA and FCCPA to a total of $1,000.

The court further concluded that, to be a prevailing party entitled to attorney fees under the WCA, one must have an affirmative judgment rendered in his or her favor at the conclusion of the case, or must be the party who wins the lawsuit. Section 425.308, Stats., provides:

(1) If the customer prevails in an action arising from a consumer transaction, he shall recover the aggregate amount of costs and expenses determined by the court to have been reasonably incurred on his behalf in connection with the prosecution or defense of such action, together with a reasonable amount for attorney's fee.

(2) The award of attorney's fees shall be in an amount sufficient to compensate attorneys representing customers in actions arising from consumer transactions. In determining the amount of the fee, the court may consider:

(a) The time and labor required, the novelty and difficulty of the questions involved and the skill requisite properly to conduct the cause;

(b) The customary charges of the bar for similar services;

 (c) The amount involved in the controversy and the benefits resulting to the client or clients from the services;

 (d) The contingency or the certainty of the compensation;

 (e) The character of the employment, whether casual or for an established and constant client; and

 (f) The amount of the costs and expenses reasonably advanced by the attorney in the prosecution or defense of the action.

The trial court concluded that under the FCCPA, 15 U.S.C. sec. 1640, attorney's fees are limited to actions initiated to enforce the Act. Since Morris had not won and had used the FCCPA as a defense, the court denied Morris's motion for fees.

## II.

### *WCA REMEDIES*

█

A customer is entitled to actual damages, including incidental and consequential damages, sustained by him or her by reason of a violation of the WCA. Sec. 425.302(1)(b), Stats. Morris argues that his actual and incidental damages should include the interest the respondents charged against his account before the date of the verdict. That interest, computed under the Plan, amounted to $8,658.93, and was awarded in the judgment against Morris.

Respondents contend that because the preverdict interest issue was argued in the first appeal, it cannot be raised in this appeal. Our previous decision resolved the question of preverdict interest only with respect to Henry and arising out of his charges on his

533

credit card to his account. *Footville,* No. 86–0804 unpublished slip op. at 13. We did not reach the issue as to Morris.

We previously reinstated the jury's finding that the sales to the account of Morris violated the WCA. Section 425.306(1), Stats., provides, "Any charge, practice, term, clause, provision, security interest or other action or conduct in violation of chs. 421 to 427, to the extent that the same is in violation of chs. 421 to 427, shall confer no rights or obligations enforceable by action." As the trial court correctly concluded, the Plan provisions are unenforceable against Morris because he did not sign the credit application and did not receive an exact copy of each instrument. Therefore, preverdict interest computed at the Plan rate should not have been allowed against him.

Respondents assert that since they have recovered the reasonable value of the goods and services retained by Morris, they should also recover interest at a rate equal to the benefit conferred on Morris. Absent a contractual rate of interest, preverdict interest in Wisconsin is generally calculated at the 5% rate in sec. 138.04, Stats. *Murray v. Holiday Rambler, Inc.,* 83 Wis. 2d 406, 438–39, 265 N.W.2d 513, 529 (1978). Respondents contend that preverdict interest at the statutory rate is less than the value of their actual loss of use of the money because if Morris timely paid his bills, they would have loaned the money to other persons at interest rates between 13% and 17%. We reject this contention.

If the basis for allowing interest over the statutory rate is the wrongful benefit to the other party, but no proof is made of the rate which would equal that benefit, the statutory rate applies. *Kilgust Heating v. Kemp,* 70 Wis. 2d 544, 550, 235 N.W.2d 292, 295 (1975).

The trial court made no findings regarding respondents' contention, and the record on appeal does not include the trial transcript. We cannot determine from the record before us whether adequate proof was made. We therefore conclude that Morris can be charged preverdict interest at no more than 5%, the rate established by sec. 138.04, Stats., and we direct that the judgment be amended accordingly.[6]

However, Morris has successfully attacked the propriety of interest computed at the Plan rate. Nothing in the record before us indicates that he has in fact paid interest so computed. Since he need not pay interest computed at the Plan rate, he has suffered no actual damages from the WCA violation. Consequently, he cannot recover damages under sec. 425.302(1)(b), Stats.

Morris contends, however, that his *entire* obligation is unenforceable under sec. 425.305(1), Stats., which provides that "[i]n a transaction *to which this section applies,* the customer shall be entitled to retain the goods, services or money received pursuant to the transaction without obligation to pay any amount." (Emphasis added.) We disagree. The transaction with Morris violated sec. 422.302(3), Stats., which does not provide that a violation of it is subject to sec. 425.305(1). The sections of the WCA which specifically provide that a violation of that section is subject to sec. 425.305 are secs. 422.201, 422.405, 422.414, 422.416, 423.302, 425.108, 425.113, Stats. The transaction in

---

[6]No party discusses whether preverdict interest is allowable at all when recovery is limited to the reasonable value.

this case violated none of those sections. Section 425.305 therefore does not apply.

We do not accede to Morris's insistence that we construe sec. 425.305, Stats., to apply to all transactions covered by the WCA. That construction would render superfluous the phrase "in a transaction to which this section applies" in sec. 425.305. It would also make superfluous the references to sec. 425.305 in the sections mentioned above. We generally will not construe a statute so as to render a word or clause superfluous. *Donaldson v. State,* 93 Wis. 2d 306, 315, 286 N.W.2d 817, 821 (1980). Moreover, numerous sections in ch. 422 provide that "a violation of this section is subject to s. 425.304." *See, e.g.,* secs. 422.203(5), 422.204(10), 422.205(4), 422.206(4), 422.209(7), Stats. Those references to sec. 425.304 impliedly exclude sec. 425.305. *See State v. Krysheski,* 119 Wis. 2d 84, 87, 349 N.W.2d 729, 731 (Ct. App. 1984) (statutory reference to one thing impliedly excludes all others).

We also reject Morris's contention that by virtue of sec. 425.306(1), Stats., he has no obligation whatever to respondents. Unless superseded by particular provisions of the Wisconsin Consumer Act, the principles of law and equity supplement chs. 421 to 427, Stats. Sec. 421.103(1). Since nothing in the WCA is to the contrary, respondents may recover the reasonable value of the goods sold and services provided to Morris, even though they may not recover their contract price.

Morris next argues that his entire obligation to respondents is void and unenforceable under sec. 425.107, Stats. Morris notes that because he did not request the credit card, the transaction violated Wis. Adm. Code sec. BKG 80.86, promulgated pursuant to

536

sec. 426.108, Stats. This rule prohibits a creditor from issuing a credit card unless the person to be held liable personally requests the creditor to issue the card and opens the account. Section 425.107(2), provides in relevant part that "[s]pecific practices forbidden by the administrator in rules promulgated pursuant to s. 426.108 shall be presumed to be unconscionable." Section 425.107(1) provides that with respect to a consumer credit transaction, if the court finds that any aspect of the transaction is unconscionable, it shall either refuse to enforce the transaction or "so limit the application of any unconscionable aspect or conduct to avoid any unconscionable result."

Under the facts of this case, the only aspect of transactions resulting in charges to Morris's account which could be unconscionable (and we do not hold that it is) pertains to the interest charges under the Plan. We have limited Morris's liability for preverdict interest to 5%, the statutory rate. This remedy precisely "limit[s] the application of ... [the] unconscionable ... conduct to avoid any unconscionable result." Sec. 425.107(1), Stats. To go further and allow Morris to retain the products and services without paying their reasonable value would be inappropriate.

### III.

#### *PENALTY UNDER FCCPA*

■

We reject Morris's argument that in addition to his damages under the WCA, he is entitled to a remedy under the FCCPA. Section 425.301(4), Stats., provides, "The liability of a merchant under chs. 421

to 427 is in lieu of and not in addition to any liability under the federal consumer credit protection act . . . ."

Morris argues that sec. 425.301(4), Stats., does not apply because the violation of the WCA is distinguishable from the violation of the FCCPA. To establish this theory, he refers us to the jury instructions, but the record on appeal does not include the instructions. We conclude that he has not shown that he is entitled to a remedy under both the WCA and FCCPA.

## IV.

### *ATTORNEY'S FEES*

We turn to Morris's claim that he should be awarded his reasonable attorney's fees under sec. 425.308(1), Stats., which we have quoted in Part I of this opinion.

Morris has prevailed on some but not all issues litigated. *First Wisconsin Nat. Bank v. Nicolaou,* 113 Wis. 2d 524, 536 n. 14, 335 N.W.2d 390, 396 (1983), alludes to but does not decide the question whether under sec. 425.308, Stats., a party who prevails on some issues may recover his or her attorney's fees on all issues, including those unsuccessfully litigated. Resolution of the question requires construction of sec. 425.308.

Statutory construction is a question of law. *State v. Denter,* 121 Wis. 2d 118, 122–23, 357 N.W.2d 555, 557 (1984). The purpose of statutory construction is to ascertain and give effect to the legislature's intent. *Id.* The primary source of construction is the statute's language. If the language is unambiguous, resort to extrinsic aids is improper. *Id.* A statute is ambiguous when reasonably well-informed persons can understand it differently. *Id.*

538

■ Reasonably well-informed persons can understand sec. 425.308, Stats., either as allowing attorney's fees only if a customer prevails on all claims or defenses, or as allowing fees even if the customer wins on only one or some. Because the statute is ambiguous, we examine its scope, history, context, subject matter and object to discern the legislative intent. *Marriage of Schinner v. Schinner,* 143 Wis. 2d 81, 89, 420 N.W.2d 381, 384 (Ct. App. 1988).

We need not go beyond the specific purposes of subchapter III of ch. 425, Stats., to conclude that sec. 425.308(1) allows the partially successful consumer to recover at least part of his or her attorney's fees even though the consumer did not win on all issues. The remedies in subchapter III must be liberally administered to the end that "the customer as the aggrieved party shall be put in at least as good a position as if the creditor had fully complied with chs. 421 to 427." Sec. 425.301(1). Adequate attorney fee awards are necessary to carry out the policies of the WCA through private enforcement. *Nicolaou,* 113 Wis. 2d at 539, 335 N.W.2d at 397.

■ For those reasons, we construe sec. 425.308, Stats., to permit a customer who prevails on some but not all issues to recover part of his or her attorney's fees. This is not to say that a customer who proves only a minor violation may recover attorney's fees. Rather, we apply to sec. 425.308 the definition of "prevailing party" which we used in *Matter of Protective Placement of J.S.,* 144 Wis. 2d 670, 679, 425 N.W.2d 15, 19 (Ct. App. 1988): that a party has prevailed if he or she succeeds on any significant issue

in litigation which achieves some of the benefit sought by bringing suit.

Under this definition, to be a prevailing party under the WCA, it is not necessary that one must either obtain an affirmative judgment in his or her favor or win the lawsuit in all respects. It is implicit in the definition, however, that the consumer who succeeds on some but not all issues recovers attorney's fees only as to the successfully litigated issues.

Although Morris did not succeed on every litigated issue, he succeeded in substantially reducing his preverdict interest liability. This was a significant issue in litigation, and he achieved the benefit by asserting a defense under the WCA. He is a prevailing party for purposes of sec. 425.308(1), Stats., and entitled to attorney's fees incurred in presenting that defense.

We therefore reverse the denial of attorney's fees under the WCA and remand for the trial court to determine the amount of the fees allowable to Morris in connection with his successful defense, applying the sec. 425.308(2), Stats., factors. *Nicolaou,* 113 Wis. 2d at 537–38, 335 N.W.2d at 396–97. The fees allowable to Morris include an appropriate portion of his fees on appeal. *Id.* at 541, 335 N.W.2d at 398.

*By the Court.*—Judgment affirmed in part, reversed in part, and cause remanded with directions to amend the judgment to assess preverdict interest at the rate of 5% and to assess attorney's fees under sec. 425.308(2), Stats.