COMMUNITY CREDIT PLAN, INC., Plaintiff-Respondent-Petitioner,

v.

Marcia K. JOHNSON and Hulda Johnson, Defendants-Appellants.

COMMUNITY CREDIT PLAN, INC., Plaintiff-Respondent-Petitioner,

v.

Frank M. KETT, Defendant-Appellant.

COMMUNITY CREDIT PLAN, INC., Plaintiff-Respondent-Petitioner,

v.

Frank M. KETT, Defendant-Appellant.

COMMUNITY CREDIT PLAN, INC., Plaintiff-Respondent-Petitioner,

v.

Kenneth P. MADER, Defendant-Appellant.

COMMUNITY CREDIT PLAN, INC., Plaintiff-Respondent-Petitioner,

v.

Roger H. SCHUETT, Defendant-Appellant.

COMMUNITY CREDIT PLAN, INC., Plaintiff-Respondent-Petitioner,

v.

Willie QUATTLEBAUM and Dorothy Quattlebaum, Defendants-Appellants.

COMMUNITY CREDIT PLAN, INC., Plaintiff-Respondent-Petitioner,

v.

Willie QUATTLEBAUM and Dorothy Quattlebaum, Defendants-Appellants.

Supreme Court

*Nos. 97–0574, 97–0575, 97–0576, 97–0577, 97–0735, 97–1101, 97–1102. Oral argument June 2, 1999.—Decided July 9, 1999.*

(Also reported in 596 N.W.2d 799.)

For the plaintiff-respondent-petitioner there were briefs by *Arthur M. Moglowsky, Penny G. Gentges* and *Bass & Moglowsky, S.C.*, Milwaukee and oral argument by *Arthur M. Moglowsky*.

For all the defendants-appellants there was a brief by *Gerald R. Harmon* and *Harmon Law Office*, Milwaukee and oral argument by *Gerald R. Harmon*.

Amicus curiae was filed by *Stephen E. Meili* and *Consumer Law Litigation Clinic*, Madison for Center for Public Representation, Inc.

Amicus curiae was filed by *Edward J. Heiser, Jr.*, and *Whyte Hirschboeck Dudek, S.C.*, Milwaukee for the Wisconsin Financial Services Association.

¶ 1. DONALD W. STEINMETZ, J. The petitioner, Community Credit Plan, Inc. (Community), seeks review of the court of appeals' decision, *Community Credit Plan, Inc. v. Johnson*, 221 Wis. 2d 766, 586 N.W.2d 77 (Ct. App. 1998), awarding attorney fees pursuant to the Wisconsin Consumer Act (WCA) to defendants-appellants. The appellate court's decision reversed the orders of the Milwaukee County Circuit Court, Honorable Michael Malmstadt and Honorable

Frank T. Crivello, in the consolidated replevin actions. In each case, the circuit court determined that the defendants-appellants (customers) did not "prevail" under Wis. Stat. § 425.308 and were thus not entitled to their attorney fees.[1] [2]

¶ 2. A majority of the court of appeals reversed, concluding that because the customers, in a consumer credit transaction, had succeeded in their motions to vacate the default judgments which had been entered against them, they were the prevailing parties under Wis. Stat. § 425.308. This case is a consumer credit transaction case to which Wis. Stat. § 421.401(2)(b) applies.

¶ 3. The customers all purchased vehicles in consumer credit transactions financed by Community, whose office is in Waukesha County. The transactions did not occur in Milwaukee County, nor did any of the customers live or store any vehicle involved in a transaction in Milwaukee County. When each of these loans went into default, Community commenced small claims replevin actions in Milwaukee County against each customer to recover the vehicles which had secured the consumer credit transactions. None of the customers appeared in court, and default judgments in replevin authorizing repossession were entered against each customer by the Milwaukee County small claims court. All but one of the vehicles subject to orders were repossessed.

¶ 4. After the repossession and sale of the vehicles had occurred (except in the Quattlebaum cases) each customer brought a motion to vacate the respec-

[1] The Wisconsin Consumer Act consists of Wis. Stat. chs. 421–27.

[2] Unless otherwise noted, all statutory cites are to the 1995–96 version.

tive judgment and to dismiss the action, under Wis. Stat. § 421.401(2)(b), for lack of jurisdiction on the grounds of improper venue. The motions did not include answers to the small claims replevin actions, and the customers have not made any assertions regarding the underlying basis for the repossession actions.

¶ 5. In five of the cases, Community did not oppose the motions to vacate the judgments (Community objected to the Quattlebaum's motion because of an intervening bankruptcy). The circuit court granted each of the customer's motions to vacate the judgments. The circuit court then granted Community's oral motions to dismiss the actions without prejudice. The circuit court also determined that the customers were not entitled to fees pursuant to Wis. Stat. § 425.308. The court stated, "[t]his is not the kind of mistake [ ] or practice that I believe the Wisconsin Consumer Act was designed and intended to protect consumers from. This was merely a legal error made by a nonlegal, nonlegally trained agent of a company which does routine business perhaps in small claims court." The judge also concluded, "I just do not believe under the reasoning stated in the *Footville [State Bank v. Harvell*, 146 Wis. 2d 524, 432 N.W.2d 122 (Ct. App. 1988)] decision that the defendants have prevailed on a significant issue in this litigation."

¶ 6. In each of the seven cases, the circuit court did, however, award $250 in fees under Wis. Stat. § 805.04(2), which allows the court to set "such terms and conditions as the court deems proper" in granting a voluntary dismissal.

¶ 7. The customers appealed the denial of attorney fees under the WCA. A majority of the court of appeals reversed, concluding that the customers did

prevail in circuit court, and were therefore entitled to attorney fees under the WCA.

¶ 8. The court used a two-prong test to reach this conclusion: whether there was a significant benefit in the litigation to the plaintiff, and whether there was a violation of the WCA by the defendant. Because the customers received a "significant benefit" from the dismissal of the default judgments, and because the creditor had in fact violated the WCA by prosecuting the action in Milwaukee County in violation of the venue provisions of the WCA, Wis. Stat. § 421.401(1) and (2)(b), the court held that the customers prevailed.

¶ 9. The court of appeals rejected Community's claim that the customers did not prevail because their motions to dismiss were not granted. Instead, the court concluded that Community's motions to voluntarily dismiss achieved the very same result; therefore, the customers were the prevailing party for fee-shifting purposes. In reaching this conclusion, the court looked to the "catalyst test" which was developed to determine whether to award attorney fees under the fee shifting provision of 42 U.S.C. § 1988. The two-part catalyst test requires that a causal link between the lawsuit and the relief obtained be established, and that the opponent's conduct was required by law. The catalyst test differs from the "substantial benefit" test in that neither a "substantial benefit" nor a violation of the WCA by the creditor need be shown.

¶ 10. The issue to be determined is if, under Wis. Stat. § 421.401(1) and (2)(b), the customers prevailed under the statute and are therefore entitled to an award of attorney fees pursuant to the WCA. The majority of this court affirms and adopts the reasoning and decision of the majority of the court of appeals in

this case. *Community Credit Plan, Inc. v. Johnson*, 221 Wis. 2d 766, 586 N.W.2d 77 (Ct. App. 1998).

¶ 11. We disagree with the view held by Judge Curley in her dissent that Community did not violate the WCA because it is the circuit court's duty to screen out improperly venued actions. *See Community Credit Plan*, 221 Wis. 2d at 780 (Curley, J., dissenting). While the circuit court is to dismiss an improperly venued action for lack of jurisdiction, *see* Wis. Stat. § 421.401(2) and (b), the venue provision of the WCA clearly defines for creditors the proper venue for actions arising from consumer credit transactions. *See Community Credit Plan*, 221 Wis. 2d at 774; Wis. Stat. § 421.401(1). Where a creditor in a consumer credit transaction fails to prosecute an action in the proper venue, the creditor prosecutes contrary to the venue provisions, and is in violation of those provisions. Wis. Stat. § 421.401(2)(b). To hold otherwise would fail one of the purposes behind the WCA, which is to "protect customers against unfair, deceptive, false, misleading and unconscionable practices by merchants." Wis. Stat. § 421.102(2)(b).

¶ 12. We also disagree with the argument made by the Wisconsin Financial Services Association (Association) in its *amicus curiae* brief to this court. Upon setting forth the multiple purposes of the Wisconsin Consumer Act, *see* Wis. Stat. § 421.102(2)(a)–(c), the Association contends that an award of attorney fees is not in accord with those purposes for it neither serves to deter violations of the venue provisions nor is consistent with the "severity" of a violation of those provisions. Contrary to its position, a violation of the venue provision in a consumer credit transaction is serious, as the default judgments and subsequent

36

repossessions involved in these cases amply demonstrate.

¶ 13. In reaching its conclusion, the Association failed to address a fourth purpose of the Wisconsin Consumer Act, which is the coordination of the regulation of consumer credit transactions [in Wisconsin] with the policies of the federal consumer credit act. Wis. Stat. § 421.102(2)(d). The federal consumer credit act was designed to counter a broad variety of abuses, including the prosecution in venues far from a customer's residence. *Blakemore v. Pekay*, 895 F. Supp. 972, 978 (N.D. Ill. 1995) ("The venue provision of the FDCPA was designed to limit the ability of debt collectors to file debt collection actions in courts inconvenient to the debtor."). Likewise, the Wisconsin Consumer Act protects customers from the serious problems and inconveniences accompanying actions prosecuted in an improper venue, as these actions were.

¶ 14. For the reasons set forth in *Community Credit Plan*, 221 Wis. 2d 766, we hold that the customers were prevailing parties under Wis. Stat. § 425.308. The customers received a significant benefit in the opening and dismissal of the default judgments against them in accordance with Wis. Stat. § 421.401(2)(b), and Community's prosecution of the seven actions in the Milwaukee County Circuit Court was a violation of Wis. Stat. § 421.401(2)(b), the WCA venue provision.

*By the Court.*—The decision of the court of appeals is affirmed.

¶ 15. JON P. WILCOX, J. (*dissenting*). The Wisconsin Consumer Act (WCA) was enacted to more

equally balance consumer-creditor interests in consumer transactions.[1] The purposes of the WCA, set forth in Wis. Stat. § 421.102(2), are: "To simplify, clarify and modernize the law governing consumer transactions"; "To protect customers against unfair, deceptive, false, misleading and unconscionable practices by merchants"; and "To permit and encourage the development of fair and economically sound consumer practices in consumer transactions." § 421.102(2)(a)–(c). While the WCA is to be liberally construed to promote its underlying purposes and policies, the majority's opinion today has tipped the balance. Therefore, I respectfully dissent.

¶ 16. "The basic purpose of the remedies set forth in Chapter 425, Stats., is to induce compliance with the WCA and thereby promote its underlying objects." *First Wisconsin Nat'l Bank v. Nicolaou,* 113 Wis. 2d 524, 533, 335 N.W.2d 390 (1983). One such remedy is the fee-shifting statute, Wis. Stat. § 425.308. Section 425.308 provides in part:

> **Reasonable attorney fees. (1)** If the customer prevails in an action arising from a consumer transaction, the customer shall recover the aggregate amount of costs and expenses. . .together with a reasonable amount for attorney fees.

¶ 17. The issue in this case is whether the seven customers prevailed under the WCA, and are therefore entitled to recover the attorney's fees and expenses incurred in bringing their motions to reopen. In order to prevail under Wis. Stat. § 425.308, the customer (1) must be the "prevailing party," i.e., he or she must have

---

[1] Jeffrey Davis, *Legislative Restriction of Creditor Powers and Remedies: A Case Study of the Negotiation and Drafting of the Wisconsin Consumer Act*, 72 Mich. L. Rev. 3, 6 (1973).

succeeded on a significant issue in litigation, and (2) the benefit must involve the creditor's violation of the WCA. *Footville State Bank v. Harvell*, 146 Wis. 2d 524, 530, 539–40, 432 N.W.2d 122 (Ct. App. 1988).

¶ 18. I agree with the dissent in the court of appeals in this case that the reopening and dismissal without prejudice of these matters do not constitute a "significant benefit" to the customers. "[T]he reopening of the matters and their dismissal merely required the creditors to recommence these actions in the proper county. At best, any negative effects which were halted were halted temporarily." *Community Credit Plan, Inc. v. Johnson*, 221 Wis. 2d 766, 777–78, 586 N.W.2d 77 (Ct. App. 1998)(Curley, J., dissenting). Thus, I would hold that the customers did not achieve a significant benefit in this litigation.[2] *See id.* at 774.

¶ 19. I also disagree with the application of the catalyst test, the test for determining prevailing party status for attorney's fees under 42 U.S.C. § 1988, to actions which fall under the WCA. *See Community Credit Plan*, 221 Wis. 2d at 775–76. This court has never sanctioned the application of the catalyst test to a fee request under the WCA,[3] and has not adequately explained its reasons for doing so now. I believe the

_____

[2] I also believe that the court of appeals, and consequently the majority in this case, incorrectly relied on facts not supported by the record. The record does not contain the customers credit records (which could have been marred) nor would the replevin judgments allow for the garnishment of the customers' wages, only possession of the property. Wis. Stat. § 425.205(1)(e).

[3] My research has not revealed any federal authority applying the catalyst test to actions brought under the federal consumer credit protection act, which provides a basis for interpreting the WCA. *See* Wis. Stat. § 421.102(2)(d).

majority, by sanctioning use of the catalyst test under the WCA, has unnecessarily and incorrectly extended the right of a customer to receive attorney's fees for virtually any outcome which "favors" the customer—not just mistakes in venue.

¶ 20. An award of attorney's fees under Wis. Stat. § 425.308 is further limited to those cases in which the creditor violated a provision in the WCA. *River Bank of DeSoto v. Fisher*, 206 Wis. 2d 63, 66–67, 556 N.W.2d 324 (1996); *Nicolaou*, 113 Wis. 2d at 536. The creditor bears the responsibility to avoid mistakes of law and resulting WCA violations. *Nicolaou*, 113 Wis. 2d at 534.

¶ 21. The majority has held that "[t]he Creditor's *prosecution* of these seven actions in the Milwaukee County Circuit Court was a violation of the venue provision of the WCA." *Community Credit Plan*, 221 Wis. 2d at 775 (emphasis added). Venue for a claim arising out of a consumer credit transaction is the county:

> (a) Where the customer resides or is personally served;
>
> (b) Where the collateral securing a consumer credit transaction is located; or
>
> (c) Where the customer sought or acquired the property, services, money or credit which is the subject of the transaction or signed the document evidencing his or her obligation under the terms of the transaction.

Wis. Stat. § 421.401(1). Section 421.401(2) provides:

> **(2)** *When it appears from the return of service of the summons or otherwise* that the county in which the action is pending under sub. (1) is not a proper place of trial for such action, unless the defendant

appears and waives the improper venue, the court *shall act* as follows:

(a) Except as provided in par. (b), if it appears that another county would be a proper place of trial, the court *shall transfer* the action to that county.

(b) If the action arises out of a consumer credit transaction, the court *shall dismiss* the action for lack of jurisdiction. [Emphasis added.]

¶ 22. I am persuaded by the dissent's position that the legislative scheme requires affirmative action by the court on venue issues. *Johnson*, 221 Wis. 2d 766, 779 (Curley, J. dissenting). The language of the statute supports this conclusion.

¶ 23. First, the use of the word "shall" indicates that the court's action to determine venue and either transfer the case or dismiss the case, if necessary, is mandatory. *Nicolaou*, 113 Wis. 2d at 536; Wis. Stat. § 421.401(2)(a) and (b). "Had the trial court followed the legislative scheme, it [w]ould have dismissed these actions rather than granting default judgments. It is the trial court, not the creditors, who are charged with reviewing the case for improper venue." *Community Credit Plan*, 221 Wis. 2d at 779 (Curley, J., dissenting). To place the burden of determining proper venue solely on the creditor without acknowledging any court responsibility renders this language directing the court to act superfluous. We do not construe statutes so as to render a word or clause superfluous. *Footville State Bank*, 146 Wis. 2d at 536.

¶ 24. Second, the statement "when it appears from the return of service"[4] that the county is not the

---

[4] "Written proof of service is required to the end that jurisdiction appear of record. This may be supplied by written admission of the defendant, by certificate of the sheriff or dep-

proper place for *trial* suggests to me that at some point after the summons and complaint have been filed, the case will be reviewed for a determination of venue. In contrast, the majority concludes that the prosecution or commencement of the action in the wrong county, irrespective of judicial review, constitutes a violation of the WCA. The creditor loses before he or she has even started.

¶ 25. Moreover, the majority's decision is far too broad—the prosecution of a case in the wrong county constitutes a violation of Wis. Stat. § 421.401. *Community Credit Plan*, 221 Wis. 2d at 775. Under this holding, attorney's fees can be assessed in a consumer transaction under § 421.401(2)(a)(where the defect is remedied by transferring to the proper county) as well as consumer credit transactions under § 421.401(2)(b)(where the case must be dismissed). The ultimate remedy does not determine a violation; according to the majority, the commencement of an action in the wrong county constitutes a violation of the venue provision.

¶ 26. "Given the fluid nature of the statute, a county which was an appropriate county when the action was commenced may become inappropriate by the time of service. . . .Further, a high percentage of these small claims actions are brought and litigated by non-lawyers who often are unable to easily determine what constitutes proper venue." *Community Credit Plan*, 221 Wis. 2d at 778–79 (Curley, J., dissenting). I

---

uty if that officer makes the service, otherwise by affidavit of any other person making the service. But it is the fact of service, not its proof, which gives the court jurisdiction." 2 CALLAGHAN'S WIS. PL & PR § 14.44 (4th ed. 1996). A defective return may be amended even after judgment to supply omissions. *Id.* at §§ 14.44 and 14.70.

believe the majority has unfairly created a trap in which unsophisticated creditors may easily step. Consumer credit transactions are not every creditors' "bread and butter."

¶ 27. Admittedly, the WCA was enacted, in part, to protect customers "against unfair, deceptive, false, misleading and unconscionable practices by merchants." Wis. Stat. § 421.102(2)(b). However, there has been no finding by the circuit court that Community Credit's action was unconscionable, unfair, deceptive or misleading. Without evidence to support a finding of unfair practices by a creditor, I do not believe a mistake in venue should constitute a violation of the WCA. Nor does an award of attorney's fees without evidence of abuse by a creditor further the purposes of the WCA.

¶ 28. It is undisputed that the customers defaulted on their payments. In their motions to reopen, the customers did not even raise a defense to the claim of default. It would seem that the venue question is being pursued to simply collect attorney's fees, not defend the customers' defaults. The majority not only sanctions such suits, its decision encourages them.

¶ 29. For the above-stated reasons, I respectfully dissent.