RIVER BANK OF DESOTO, f/n/a DeSoto State Bank,
Plaintiff-Appellant,

v.

Raymond FISHER, Defendant,

Karen Fisher DUNCAN, Defendant-Respondent-
Petitioner.

Supreme Court

*No. 95–0148–FT. Filed December 17, 1996.*

(Also reported in 556 N.W.2d 324.)

For the defendant-respondent-petitioner there were briefs by *Ann I. Brandau* and *Hoffman, Addis, Pittman & Brandau*, LaCrosse.

For the plaintiff-appellant there was a brief by *Donald K. Schott, Valerie L. Bailey-Rihn* and *Quarles & Brady*, Madison and *Daniel J. Duke*, LaCrosse.

PER CURIAM. The issue of attorney's fees was left open in the previous opinion in this case.[1] The parties were ordered to brief whether such fees could be awarded under the Wisconsin Consumer Act (Act) or otherwise even though we did not find unconscionability under Wis. Stat. § 425.107 (1991-92),[2] the only Act provision alleged by defendant-respondent-petitioner, Karen Fisher Duncan (Duncan), in the lower courts to have been violated by plaintiff-appellant, River Bank of DeSoto (Bank).

Duncan argues that the Bank violated Wis. Stat. §§ 422.302(3), 422.305(1), and 427.104(1)(j). This court does not consider the first two of these provisions to have been violated.

Section 422.302(3)[3] requires the creditor to provide the customer with copies of all documents signed

---

[1] *River Bank of DeSoto v. Fisher*, 202 Wis. 2d 245, 256-57, 550 N.W.2d 429, 433 (1996).

[2] All references to Wisconsin Statutes are to the 1991-92 version.

[3] This provision provides in part:

Before any payment is due, the creditor shall furnish the customer with an exact copy of each instrument, document, agreement and contract which is signed by the customer and which evidences the customer's obligation.

64

by the customer. There is no indication in this record that the Bank failed to provide Duncan with any of the documents relating to this consumer transaction, whether signed by her or not.

Section 422.305(1)[4] similarly requires that copies of relevant documents be furnished a guarantor. As noted, the Bank furnished Duncan with copies of all documentation, even if she could be considered a guarantor.

■

However, whether § 427.104(1)(j)[5] was violated is not certain. This provision declares that a prohibited debt collection practice has occurred if a debt collector acts to enforce a right that is known(or should have been known(not to exist. Duncan contends that the Bank knew or should have known that she was not liable.[6]

---

[4] This provision provides in part:

> No natural person is obligated to assume personal liability for payment of an obligation arising out of a consumer credit transaction unless the person, in addition to signing the writing evidencing the consumer credit transaction, or a separate guaranty or similar instrument, also either receives a copy of each instrument, document, agreement and contract which is signed by the customer and which evidences the customer's obligation to pay, or signs and receives at the time of signing a separate instrument. . . .

[5] This provision provides:

> (1) In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction where there is an agreement to defer payment, a debt collector shall not . . . (j) claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist.

[6] The Bank has filed a motion to supplement the appellate record with its trial brief in an effort to show that it has focused on Duncan's liability under the 1991—not the 1992—note. The

The present record does not permit resolution of this contention. Up to this point, the courts examining this matter have primarily focused on the transaction in light of the unconscionability provisions of the Act.

Accordingly, this case is remanded to the circuit court for further proceedings to determine whether § 427.104(1)(j) has been violated by the Bank's collection efforts. The existing record may be utilized as supplemented with such additional evidentiary proceedings as that court deems appropriate.

If a violation is found to have occurred, attorney's fees[7] under Wis. Stat. § 425.308[8] shall be awarded. If no Act violation is found, attorney's fees shall not be

---

motion is denied. The Bank seeks to relitigate an issue resolved against it by this court's initial opinion.

[7] The Bank argues that if Duncan is permitted to assert a violation of the Act other than unconscionability, her attorney's fees should be limited to those future fees incurred in prevailing on this claim. We do not agree. Once a case is before us, it is within our discretion to review any substantial and compelling issue which the matter presents. *See Chevron Chemical Co. v. Deloitte & Touche*, 176 Wis. 2d 935, 945, 501 N.W.2d 15, 19 (1993). We exercised this discretion in deciding this case on a basis not raised by the parties, as the Bank concedes in its supplemental brief. That basis raises, for the first time, the potential applicability of § 427.104(1)(j). Yet allegedly improper conduct of the Bank in this consumer transaction, regardless of the specific Act provision that it may ultimately be found to violate, has been the focus of Duncan's defense to the collection effort from the beginning.

[8] The provision provides in part:

> (1) If the customer prevails in an action arising from a consumer transaction, the customer shall recover the aggregate amount of costs and expenses determined by the court to have been reasonably incurred on the customer's behalf in connection with the prosecution or defense of such action, together with a reasonable amount for attorney's fees.

awarded. *See Suburban State Bank v. Squires*, 145 Wis. 2d 445, 427 N.W.2d 393 (Ct. App. 1988).

*By the Court.*—As previously ordered, the decision of the court of appeals is reversed. The motion to supplement is denied. This case is remanded to the circuit court for further proceedings consistent with this opinion.