COMMUNITY CREDIT PLAN, INC., Plaintiff-Respondent,†

v.

Marcia K. JOHNSON and Hulda Johnson, Defendants-Appellants. [Case No. 97–0574]

COMMUNITY CREDIT PLAN, INC., Plaintiff-Respondent,†

v.

Frank M. KETT, Defendant-Appellant. [Case No. 97–0575]

COMMUNITY CREDIT PLAN, INC., Plaintiff-Respondent,†

v.

Frank M. KETT, Defendant-Appellant. [Case No. 97–0576]

COMMUNITY CREDIT PLAN, INC., Plaintiff-Respondent,†

v.

Kenneth P. MADER, Defendant-Appellant. [Case No. 97–0577]

COMMUNITY CREDIT PLAN, INC., Plaintiff-Respondent,†

†Petition to review granted.

766

v.

Roger H. SCHUETT, Defendant-Appellant. [Case No. 97–0735]

COMMUNITY CREDIT PLAN, INC., Plaintiff-Respondent,†

v.

Willie QUATTLEBAUM and Dorothy Quattlebaum, Defendants-Appellants. [Case No. 97–1101]

COMMUNITY CREDIT PLAN, INC., Plaintiff-Respondent,†

v.

Willie QUATTLEBAUM and Dorothy Quattlebaum, Defendants-Appellants. [Case No. 97–1102]

Court of Appeals

*Nos. 97–0574, 97–0575, 97–0576, 97–0577, 97–0735, 97–1101, 97–1102. Submitted on briefs May 4, 1998.—Decided September 8, 1998.*

(Also reported in 586 N.W.2d 77.)

†Petition to review filed.

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Gerald R. Harmon* and *Dorothy H. Dey* of *Quale, Feldbruegge, Calvelli, Thom & Croke, S.C.*, of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Arthur M. Moglowsky* and *Penney G. Gentges* of *Bass & Moglowsky, S.C.*, of Milwaukee.

Before Wedemeyer, P.J., Schudson and Curley, JJ.

WEDEMEYER, P.J. In this consolidated appeal, seven customers of Community Credit Plan, Inc., seek reversal of judgments and orders of the circuit court for Milwaukee County denying their motions for the statutory award of attorney fees under the Wisconsin Consumer Act (WCA). The customers claim: (1) that they prevailed at the trial court level; and (2) that, as prevailing parties, they are entitled to an award of fees and expenses under the fee-shifting provision of the W CA. Because we conclude that the customers did prevail in the circuit court, we reverse the judgments and orders and remand with directions.

## I. BACKGROUND

The facts in each of the seven consolidated cases are essentially identical. Community Credit Plan, Inc. (the Creditor) brought separate small-claims replevin actions against each of the consolidated defendants (the Customers) in the circuit court for Milwaukee County. The Creditor sought judgments awarding it possession of specifically identified property posted as security by the Customers in credit transactions with the Creditor. The Creditor obtained a default judgment against the defendant in each case.

The Customers then filed motions to open the judgments and to dismiss, without prejudice, the Creditor's replevin claims based on improper venue. In support of their improper venue claims, each Customer submitted an affidavit certifying that there was no connection between the credit transaction and Milwaukee County. The trial court granted the Customers' motions to open. Before it addressed the motions to dismiss, however, in each case, the trial court received

and granted a motion by the Creditor to voluntarily dismiss pursuant to § 805.04(2), STATS.[1]

In conjunction with their motions to open and dismiss, the Customers sought to recover attorney fees and expenses as prevailing parties under the fee-shifting provision of the WCA. The trial court denied the requests for fees and expenses because it determined that the fee-shifting provision was not applicable. The Customers in this consolidated appeal seek reversal of the trial court judgments and orders denying their request for fees and expenses.

## II. ANALYSIS

■

The Wisconsin Consumer Act[2] "protect[s] customers against unfair, deceptive, false, misleading and unconscionable practices by merchants." Section 421.102(2)(b), STATS. The remedies set forth in the W CA[3] aim to guarantee compliance with its provisions. *See First Wisconsin Nat'l Bank v. Nicolaou*, 113 Wis. 2d 524, 533, 335 N.W.2d 390, 394 (1983).

Many times the amount of damages awarded a consumer for a WCA violation is far exceeded by the legal fees incurred by the consumer in prosecuting, or defending, the action. *See id.* at 538–39, 335 N.W.2d at 397. The fee-shifting provision of the WCA, set forth in § 425.308, STATS., ensures that consumers will be financially able to maintain meritorious claims:

---

[1] Section 805.04(2), STATS., allows an action to be dismissed "upon order of court and upon such terms and conditions as the court deems proper."

[2] The Wisconsin Consumer Act is found in chs. 421 to 427, STATS.

[3] Sections 425.301 to 425.311, STATS., set forth the customer's remedies for violations of the Wisconsin Consumer Act.

**Reasonable attorney fees. (1)** If the customer prevails in an action arising from a consumer transaction, the customer shall recover the aggregate amount of costs and expenses determined by the court to have been reasonably incurred on the customer's behalf in connection with the prosecution or defense of such action, together with a reasonable amount for attorney fees.

The issue before this court is the proper interpretation of this fee-shifting provision. Specifically, we must determine what the legislature intended by the word "prevails" as it appears in the provision. If the customers have "prevailed" under the WCA, they are entitled to recover the attorney fees and expenses incurred in bringing their motions.

The interpretation of a statute presents a question of law which we decide independently of the trial court. *See Stockbridge Sch. Dist. v. DPI*, 202 Wis. 2d 214, 219, 550 N.W.2d 96, 98 (1996). To properly interpret a statute, we must determine the intent of the legislature in creating it. *See Anderson v. City of Milwaukee*, 208 Wis. 2d 18, 25, 559 N.W.2d 563, 566 (1997). To determine this intent, we first look to the plain meaning of the words used by the legislature. *See id.* If the plain meaning is ambiguous, we then look to extrinsic aids, such as the scope, context, and purpose of the statute to determine the legislature's intent. *See id.*

The Customers correctly point out that we have previously characterized § 425.308, STATS., as ambiguous. *See Footville State Bank v. Harvell*, 146 Wis. 2d 524, 539, 432 N.W.2d 122, 129 (Ct. App. 1988).[4]

---

[4] In *Footville State Bank v. Harvell*, 146 Wis. 2d 524, 432 N.W.2d 122 (Ct. App. 1988), the court found the use of the word "prevails" to be ambiguous because "[r]easonably well-informed

Because of this ambiguity, we must expand our analysis beyond the statute's plain language in order to determine the intent of the legislature.

We begin our analysis by noting: (1) that consumer protection motivated the legislature to enact the WCA; and (2) that the remedies provided for violations of the WCA aim to ensure compliance with the WCA. Additionally, we note that the WCA clearly states that its provisions are to be "liberally construed and applied to . . . protect customers." Section 421.102(1) & (2)(b), STATS.

In *Harvell*, we applied a workable definition of "prevailing party" previously used in a non-WCA case: "a party has prevailed if he or she succeeds on any significant issue in litigation which achieves some of the benefit sought by bringing suit." *Harvell*, 146 Wis. 2d at 539–40, 432 N.W.2d at 130 (citing *J.S. v. State*, 144 Wis. 2d 670, 679, 425 N.W.2d 15, 19 (Ct. App. 1988)). *River Bank of DeSoto v. Fisher*, 206 Wis. 2d 63, 556 N.W.2d 324 (1996), assists in this analysis by clearly mandating, "[i]f a violation [of the WCA] is found to have occurred, attorney's fees under Wis. Stat. § 425.308 shall be awarded."[5] *Id.* at 66, 556 N.W.2d at 325 (footnotes omitted).

The Customers correctly synthesize the "prevailing party" definition applied in *Harvell* with the

---

persons can understand sec 425.308, Stats., either as allowing attorney's fees only if a customer prevails on all claims or defenses, or as allowing fees even if the customer wins on only one or some." *Harvell*, 146 Wis. 2d at 539, 432 N.W.2d at 129.

[5] "The use of the word 'shall' indicates attorney fee awards for prevailing consumers are mandatory." *First Wisconsin Nat'l Bank v. Nicolaou*, 113 Wis. 2d 524, 536, 335 N.W.2d 390, 396 (1983).

unequivocal language in *Fisher*. They conclude, and we agree, that a customer "prevails" for § 425.308, STATS., purposes if he or she achieves some significant benefit in litigation involving the creditor's violation of the W CA. We first address the "significant benefit" requirement.

The default judgments awarded by the trial court were damaging to these seven Customers. The judgments allowed the Creditor to repossess items of property owned by the Customers. These judgments, public information accessible to anyone checking the court records, could mar the credit records of these individuals. Also, the judgments allowed the Creditor to garnish the wages of the Customers. The opening and dismissal of these judgments hopefully halted these negative effects. The Customers in these seven consolidated cases did, therefore, achieve a significant benefit in the litigation at the trial court level. Thus, the first prong of our "prevailing party" analysis is satisfied. We next address whether the benefit realized by the Customers in the trial court resulted from a violation of the WCA by the Creditor.

The venue provision of the WCA clearly defines the proper venue for actions arising from consumer credit transactions:

> **Venue.** (1) The venue for a claim arising out of a consumer transaction or a consumer credit transaction is the county:
>
> (a) Where the customer resides or is personally served;
>
> (b) Where collateral securing a consumer credit transaction is located; or
>
> (c) Where the customer sought or acquired the property, services, money or credit which is the subject of the transaction or signed the document

evidencing his or her obligation under the terms of the transaction.

Section 421.401(1), STATS. This venue provision also provides remedies for improperly venued actions:

> (2) When it appears from the return of service of the summons or otherwise that the county in which the action is pending under sub. (1) is not a proper place of trial for such action, unless the defendant appears and waives the improper venue, the court shall act as follows:
>
> . . . .
>
> (b) If the action arises out of a consumer credit transaction, the court shall dismiss the action for lack of jurisdiction.

Section 421.401(2), STATS. Based on this section of the WCA, we conclude that, regardless of whether or not the respondent moved for voluntary dismissal, a dismissal due to improper venue would have resulted. The Creditor's prosecution of these seven actions in the Milwaukee County Circuit Court was a violation of the venue provision of the WCA. We further conclude that the dismissal without prejudice of these actions by the trial court was a result of the Creditor's violation of the WCA. Therefore, the Customers in this consolidated appeal have satisfied the second requirement in our analysis.

In making this conclusion, we reject the Creditor's claim that the Customers did not prevail because their motions to dismiss, based on improper venue, were not granted. The trial court's grant of the Creditor's motions to voluntarily dismiss achieved the very result sought by the Customers.

██

The Customers cite ample authority supporting the assertion that where a party to the litigation pro-

vides the relief sought by its opponent, the party seeking that relief can still be a prevailing party for fee-shifting purposes.[6] We find particularly convincing *Hartman v. Winnebago County,* 208 Wis. 2d 552, 561 N.W.2d 768 (Ct. App. 1997),[7] *rev'd on other grounds,* 216 Wis. 2d 418, 574 N.W.2d 222 (1998), wherein we applied a two-part "catalyst test" to determine whether to award attorney fees under the fee-shifting provision of 42 U.S.C. § 1988. Under this catalyst test, the party seeking attorney fees must show: (1) a causal link between his or her lawsuit and the relief obtained; and (2) that the opponent's conduct was required by law. *See id.* at 568, 561 N.W.2d at 773. In *Hartman,* we used this test to conclude that the appellants were prevailing parties even though their suit was mooted by the voluntary action of their opponent.

This catalyst test has equal application to the case-at-hand. First, we find an obvious link between the Customers' motions to open and dismiss and the voluntary dismissal by the Creditor. Had there been no motions to open and dismiss, there would have been no logical impetus for the Creditor's voluntary dismissal. Second, we conclude that, because the statute clearly requires dismissal of improperly venued actions, the Creditor's voluntary acquiescence to the required rem-

---

[6] The Customers city *Marbley v. Bane,* 57 F.3d 224, 233–35 (2d Cir. 1995); *Johnson v. LaFayette Fire Fighters Ass'n Local 472,* 51 F.3d 726, 730–31 (7th Cir. 1995); and *Foremaster v. City of St. George,* 882 F.2d 1485, 1488–89 (10th Cir. 1989), to support this assertion.

[7] In *Hartman,* an action arising under 42 U.S.C. § 1988, members of a class action suit sought attorney fees as prevailing parties after a decision issued in another case mooted their claim and it was, therefore, dismissed by the court.

edy satisfies the second prong of the catalyst test. The voluntary dismissal by the Creditor does not, therefore, prevent the Customers from being "prevailing parties" in this case.

We conclude that the consolidated Customers were the prevailing parties for § 425.308, STATS., purposes and reverse the trial court judgments and orders denying them attorney fees and expenses. Accordingly, these seven cases are remanded to the trial court for the determination and award of reasonable attorney fees and expenses pursuant to § 425.308.

*By the Court.*—Judgments and orders reversed and cause remanded with directions.

CURLEY, J. *(dissenting)*. I respectfully dissent. The majority determined that the consumers "prevailed" in the underlying actions, thus entitling them to reasonable attorney fees per § 425.308, STATS. This conclusion was reached because, as the majority noted, the *Harvell* case mandates such a finding if a party prevails. *Harvell* defines "prevail" by stating that "a party has prevailed if he or she succeeds on any significant issue in litigation which achieves some of the benefit sought by bringing suit." *Footville State Bank v. Harvell*, 146 Wis. 2d 524, 539–40, 432 N.W.2d 122, 129–30. They further rely as authority on the dictate found in *River Bank v. Fisher*, 206 Wis. 2d 63, 66–67, 556 N.W.2d 324, 325 (1996), that "[i]f a violation [of the Wisconsin Consumer Act] is found to have occurred, attorney's fees under Wis. Stat. § 425.308 shall be awarded."

I believe, contrary to the majority's conclusion, that the reopening of these matters did not "halt all negative effects" because the reopening of the matters

and their dismissal merely required the creditors to recommence these actions in the proper county. At best, any negative effects which were halted were halted temporarily. Thus, the consumers did not "achieve a significant benefit in the litigation."

Second, and more importantly, the majority's analysis of the venue statute misreads the venue statute and in doing so places the blame on the wrong party when it determined that the creditors violated the W CA.

Section 421.401, STATS., governing venue in a consumer credit transaction, is broadly written. It permits a claim to be brought,

> (a) Where the customer resides or is personally served;
> (b) Where collateral securing a consumer credit transaction is located; or
> (c) Where the customer sought or acquired the property, services, money or credit which is the subject of the transaction or signed the document evidencing his or her obligation under the terms of the transaction.

Given the fluid nature of the statute, a county which was an appropriate county when the action was commenced may become inappropriate by the time of service. For example, at the commencement of an action, the only tie with a particular county may be that the collateral is there, or the party resides there. However, by the time of service, the collateral may have been moved to a different county or the customer may have relocated. As a consequence, the action may be venued in the wrong county through no fault of the creditor. Further, a high percentage of these small claims actions are brought and litigated by non-law-

yers who often are unable to easily determine what constitutes proper venue.

These problems were anticipated by the legislature when the legislature drafted the venue statute. This statute gives consumers an additional protection against improperly venued actions by requiring the trial court to act as a gatekeeper. Unlike other venue statutes, here the legislative scheme requires affirmative action by the court on venue issues. Evidence of this is found in the unusual wording of § 421.401(2) & (b), STATS., which provide:

> **(2)** When it appears *from the return of service of the summons or otherwise* that the county in which the action is pending under sub. (1) is not a proper place of trial for such action, unless the defendant appears and waives the improper venue, the court *shall* act as follows:
>
> . . .
>
> (b) If the action arises out of a consumer credit transaction, the court *shall* dismiss the action for lack of jurisdiction.

(Emphasis added.)

In every case involved in this appeal, the return of service, the corresponding summons and complaint, and the accompanying documentation all reveal that Milwaukee County is not "a proper place of trial for such action." Had the trial court followed the legislative scheme, it should have dismissed these actions rather than granting default judgments. It is the trial court, not the creditors, who are charged with reviewing the case for improper venue. Thus, it is not the creditors who violated the WCA.

In sum, I believe the decision not to assess attorney fees was the correct one for two reasons. Since the

779

creditors are free to start suit in the appropriate county, I fail to see how the consumers achieved a "significant benefit," a vital requirement to prevail in an action. Second, I do not believe the creditors violated any WCA provision because it was the trial court's duty to screen out improperly venued actions. For these reasons, I would affirm.