CREDIT ACCEPTANCE CORPORATION,
Plaintiff-Respondent,

v.

London WOODARD, Defendant-Appellant.

Court of Appeals

*No. 2011AP135. Submitted on briefs February 6, 2012.
—Decided March 6, 2012.*

2012 WI App 43

(Also reported in 812 N.W.2d 525.)

On behalf of the defendant-appellant, the cause was submitted on the brief of *Eric L. Crandall* of *Crandall Law Offices* of New Richmond.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Lisa M. Lawless* of *Whyte Hirschboeck Dudek, S.C.* of Milwaukee.

Before Curley, P.J., Fine and Kessler, JJ.

¶ 1. KESSLER, J.   London Woodard appeals an order of the circuit court denying her motion for attorney's fees and costs. Woodard contends that because she was a "prevailing party" in her litigation with Credit Acceptance Corporation (Credit Acceptance), she is entitled to attorney's fees and costs under the Wis-

consin Consumer Act (the WCA). Because Credit Acceptance has not been found to have violated the WCA, we affirm the circuit court.

## BACKGROUND

¶ 2. This appeal stems from a deficiency action in which Credit Acceptance sought recovery under a retail installment contract between Credit Acceptance and Woodard. After making one payment on her account, Woodard fell into default and no other payments were made. Credit Acceptance subsequently repossessed the collateral underlying the contract, Woodard's vehicle. Credit Acceptance filed a deficiency action in Milwaukee County Circuit Court on May 29, 2008. A default judgment was entered against Woodard on December 8, 2008.

¶ 3. On February 24, 2010, Woodard filed a motion to vacate the judgment, arguing that the repossession of her vehicle was improper under WIS. STAT. § 425.105(1) (2009–10),[1] the WCA, because proper notice of right to cure default was not given and the judgment against her was void. A hearing on the motion was held on May 24, 2010, however, the circuit court did not decide the merits of Woodard's motion. Rather, after a discussion in chambers, the parties stipulated on the record to reopening the case without admissions of liability. The circuit court vacated the default judgment and reopened the case. The circuit court allowed Credit Acceptance to withdraw its complaint, over Woodard's opposition, and dismissed the case without costs and without prejudice.

---

[1] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

¶ 4. On June 23, 2010, Woodard filed a motion seeking attorney's fees and costs pursuant to WIS. STAT. § 425.308, the fee-shifting provision of the WCA.[2] At the hearing on the motion, the circuit court denied Woodard's motion, stating that Woodard was not a "prevailing party" entitled to attorney's fees and costs under the WCA because there was no finding that Credit Acceptance violated the WCA. This appeal follows.[3]

## DISCUSSION

¶ 5. Woodard argues that the circuit court erroneously denied her motion for attorney's fees and costs because the circuit court incorrectly found that she was not a "prevailing party" under the WCA. Woodard contends that she is a prevailing party in accordance with the fee-shifting provision of the WCA because she received a benefit when the default judgment against her was reopened and dismissed. Credit Acceptance contends that because the circuit court did not find a violation of the WCA, Woodard was not a "prevailing

[2] The default judgment was vacated and the case was reopened by the Honorable John J. DiMotto. Due to a judicial transfer, the motion for attorney's fees and costs were denied by the Honorable William W. Brash III.

[3] Woodard filed a notice of appeal on January 14, 2011 appealing the circuit court's order. Woodard also filed a motion for reconsideration with the circuit court arguing that the circuit court declined to follow the Wisconsin Supreme Court's holding in *Community Credit Plan, Inc. v. Johnson*, 228 Wis. 2d 30, 596 N.W.2d 799 (1999) (*"Community Credit II"*). The circuit court denied the motion in a written decision on March 11, 2011. At issue in this appeal is the order denying Woodard's motion for attorney's fees, not the circuit court's denial of the motion for reconsideration.

party" for purposes of determining attorney's fees and costs. Both parties rely on our supreme court's decision in *Community Credit Plan, Inc. v. Johnson*, 228 Wis. 2d 30, 596 N.W.2d 799 (1999) (*"Community Credit II"*) to support their arguments. Because the circuit court did not find a violation of the WCA by Credit Acceptance, as required by *Community Credit II*, we conclude that the circuit court did not erroneously deny Woodard's motion for attorney's fees and her subsequent motion.

**Standard of Review.**

¶ 6.   We will accept a circuit court's findings of fact unless clearly erroneous. *See* WIS. STAT. § 805.17(2). However, whether the facts found by the circuit court meet a legal standard is a question of law that we review independently. *See Coady v. Cross Country Bank*, 2007 WI App 26, ¶ 25, 299 Wis. 2d 420, 729 N.W.2d 732. Whether the circuit court properly determined that Woodard was not a "prevailing party" as defined by *Community Credit II*, ultimately turns on a question of law that we review independently. *See Welin v. American Family Mut. Ins. Co.*, 2006 WI 81, ¶ 16, 292 Wis. 2d 73, 717 N.W.2d 690 (The interpretation and application of case law is a question of law decided independently of the circuit court.).

**The WCA.**

¶ 7.   The WCA "protect[s] customers against unfair, deceptive, false, misleading and unconscionable practices by merchants." WIS. STAT. § 421.102(2)(b). The remedies set forth in the WCA aim to guarantee compliance with its provisions. *See First Wisconsin Nat'l Bank v. Nicolaou*, 113 Wis. 2d 524, 533, 335 N.W.2d 390 (1983). WISCONSIN STAT. § 425.308 puts forth a fee-

shifting provision allowing a customer prevailing in an action arising from a consumer transaction to recover "a reasonable amount for attorney fees." *Id.* Specifically, the statute provides:

> **Reasonable attorney fees. (1)** If the customer prevails in an action arising from a consumer transaction, the customer shall recover the aggregate amount of costs and expenses determined by the court to have been reasonably incurred on the customer's behalf in connection with the prosecution or defense of such action, together with a reasonable amount for attorney fees.

¶ 8. Woodard argues that the provisions of the WCA, including the provision regarding attorney's fees, are to be liberally applied in favor of the consumer. Had the circuit court done so, she contends, it would have recognized her as a prevailing party entitled to attorney's fees under the WCA. While we agree with Woodard that the provisions of the WCA are to be "liberally administered," *see* Wis. Stat. § 425.301(1), we disagree that Woodard was entitled to attorney's fees and costs under the holding of *Community Credit II*.

## Community Credit.

¶ 9. In *Community Credit Plan, Inc. v. Johnson*, 221 Wis. 2d 766, 586 N.W.2d 77 (Ct. App. 1998) ("*Community Credit I*"), the creditor, Community Credit Plan, Inc. ("Community Credit") brought small-claims replevin actions in Milwaukee County against multiple customers and obtained default judgments against each customer in each case. *See id.* at 770. Many of the customers filed motions to reopen the judgments and to dismiss Community Credit's claims based on improper

venue. *Id.* The customers also sought attorney's fees and costs under Wis. Stat. § 425.308. *Community Credit I*, 221 Wis. 2d at 771.

¶ 10.   Each customer submitted an affidavit certifying that there was no connection between each of the respective transactions and Milwaukee County. *Id.* at 770. The circuit court granted the motions to reopen, however before addressing the motions to dismiss, the circuit court received and granted Community Credit's motion to voluntarily dismiss its claims. *Id.* at 770–71. The circuit court denied the customers' motions for attorney's fees and costs. *Id.* at 771.

¶ 11.   We reversed the circuit court in a consolidated appeal, concluding that the customers were "prevailing parties" pursuant to the WCA and were therefore entitled to attorney's fees and costs under the fee-shifting provision of the WCA. *Id.* at 777. In reaching this conclusion, we applied a two-part test. *Id.* at 774–76. First, we considered whether the customers "achieve[d] some significant benefit in litigation." *Id.* at 774. Concluding that the opening and dismissal of the default judgments was a significant benefit, we then considered whether the benefit resulted from a violation of the WCA by Community Credit. *Id.* We determined that Community Credit violated the venue provision of the WCA by filing its actions in Milwaukee County, rendering the circuit court without jurisdiction to enter default judgments, and therefore concluded that the customers were "prevailing parties" for fee-shifting purposes. *Id.* at 774–76.

¶ 12.   In "adopt[ing] [our] reasoning and decision," the Wisconsin Supreme Court affirmed our usage of the two-part test to determine whether the customers were prevailing parties and upheld our decision. *See Community Credit II*, 228 Wis. 2d at 35–37.

¶ 13. In applying the two-part test, we conclude that the circuit court correctly denied Woodard's motion for attorney's fees and costs, as well as her subsequent motion for reconsideration.

¶ 14. Woodard is correct in her assertion that she received a "significant benefit" when the default judgment against her was opened and dismissed. *See Community Credit I*, 221 Wis. 2d at 774. However, unlike in *Community Credit I* and *II*, the record does not establish that Credit Acceptance violated the WCA. Although Woodard contends that Credit Acceptance violated notice requirements and that the contract with Credit Acceptance was void, the circuit court did not reach the merits of Woodard's motion. Rather, the judgment was opened pursuant to a stipulation by the parties in which the parties specifically agreed that *neither would admit liability of any sort*. Therefore, the significant benefit received by Woodard in the circuit court did not result from a violation of the WCA by Credit Acceptance. *See, e.g., Community Credit I*, 221 Wis. 2d at 774.

██

¶ 15. The awards of attorney's fees and costs is properly limited to those cases in which the creditor has not "fully complied with chs. 421 to 427." *See* WIS. STAT. § 425.301(1); *see also Suburban State Bank v. Squires*, 145 Wis. 2d 445, 450, 427 N.W.2d 393 (Ct. App. 1988). In keeping with the purposes of the WCA, *Community Credit I* and *II* are both clear that a party moving for attorney's fees and costs under the WCA must show both a significant benefit in litigation *and* a violation of the WCA on the part of the non-moving party. Woodard has only met the first prong.

## CONCLUSION

¶ 16. For all the foregoing reasons, we affirm the circuit court.

*By the Court.*—Order affirmed.