**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**April 24, 2025**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP1462**

Cir. Ct. No. **2023SC5128**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS**
**DISTRICT IV**

---

CREATIVE FINANCE, INC.,

    PLAINTIFF-RESPONDENT,

V.

CARLOS RANGEL,

    DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Dane County: NIA E. TRAMMELL, Judge. *Affirmed*.

¶1 GRAHAM, J.[1] Creative Finance, Inc. initiated this small-claims collections action against Carlos Rangel and, after Creative's claim was dismissed,

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

Rangel sought an award of costs and reasonable attorney fees under WIS. STAT. § 425.308, the fee-shifting provision of the Wisconsin Consumer Act (the WCA). *See* WIS. STAT. chs. 421-427. Rangel appeals the circuit court order that denied his motion.

¶2 I conclude that Rangel is not entitled to an award of costs and attorney fees because the record does not show that Creative violated the WCA, and binding case law conditions fee-shifting awards on such a violation. *See Community Credit Plan, Inc. v. Johnson (Community Credit I)*, 221 Wis. 2d 766, 774, 586 N.W.2d 77 (Ct. App. 1998). I therefore affirm the circuit court order. Separately, I deny the motion that Creative filed pursuant to WIS. STAT. §§ 809.25 and 895.044, which sought an award of the costs, fees, and reasonable attorney fees that it incurred in responding to this appeal.

## BACKGROUND

¶3 Creative financed Rangel's purchase of a used Hyundai Elantra in 2021. Two years later, Rangel stopped making payments on his loan. It is undisputed that Creative ultimately recovered the Hyundai through a nonjudicial repossession and sold it. Creative then filed this small-claims action seeking $10,000 for the difference between the amount Rangel owed Creative and the amount Creative recouped when it resold the Hyundai. The WCA refers to this amount as the "deficiency." *See* WIS. STAT. §§ 425.209(1), 425.210.

¶4 The case proceeded to a trial before a court commissioner. No transcript was made, *see* WIS. STAT. § 799.207(1)(d), but the minutes of the hearing state that the commissioner dismissed the claim because Creative "failed to meet [its] burden of proof – no evidence that vehicle sold in a commercially reasonable manner." The parties agree that the reason for the dismissal was that

2

Creative did not satisfy its burden of proof under WIS. STAT. § 425.209(1), which provides that a customer is not liable for the deficiency "unless the merchant has disposed of the goods in good faith and in a commercially reasonable manner." Creative did not seek de novo review of the commissioner's decision. *See* § 799.207(5) (providing a process by which a party may demand a new trial before the circuit court on issues decided by a court commissioner).

¶5 Rangel then filed a motion asking the commissioner to award him costs and attorney fees pursuant to WIS. STAT. § 425.308. The parties briefed the motion and disputed, among other things, whether Creative had violated the WCA in some manner. The commissioner declined to order fee shifting under § 425.308, and instead awarded Rangel a total of $495 in statutory costs and attorney fees under WIS. STAT. § 814.04(1). Rangel sought de novo review of the commissioner's decision.

¶6 At the subsequent hearing, the circuit court effectively adopted the commissioner's decision on the matter. The court stated that, in its view, there was not "absolute clarity" that Creative had violated the WCA, and that the court was "not convinced that there was, in fact, a violation, based on what the commissioner did down below." Rangel appeals.[2]

---

[2] Rangel's briefs do not comply with WIS. STAT. RULE 809.19(8)(bm), which addresses the pagination of appellate briefs. *See* RULE 809.19(8)(bm) (providing that, when paginating briefs, parties should use "Arabic numerals with sequential numbering starting at '1' on the cover"). This rule was amended in 2021, *see* S. CT. ORDER 20-07 (eff. July 1, 2021), and the reason for the amendment is that briefs are now electronically filed in PDF format, and are electronically stamped with page numbers when they are accepted for e-filing. As our supreme court explained when it amended the rule, the new pagination requirements ensure that the numbers on each page of a brief "will match ... the page header applied by the eFiling system, avoiding the confusion of having two different page numbers" on every page of a brief. S. CT. ORDER 20-07.

**DISCUSSION**

¶7 On appeal, Rangel argues that the circuit court erred when it determined that he was not entitled to an award of costs and attorney fees under the WCA. Creative argues that the court's denial is consistent with binding precedent and the facts of this case, and it has filed a motion asking me to award its own costs, fees, and attorney fees as a sanction for what it characterizes as a frivolous appeal. I address Rangel's appeal first, and then turn to Creative's sanctions motion.

**I. Fee Shifting under the WCA**

¶8 Under the WCA, a creditor who has recovered and resold the goods securing a consumer loan is generally entitled to any deficiency remaining after the proceeds of the resale are credited to the balance on the loan. *See* WIS. STAT. § 425.210. However, the WCA imposes certain restrictions on a creditor's action to recover a deficiency. As relevant here, WIS. STAT. § 425.209(1) states that a customer is not liable for the deficiency "unless the merchant has disposed of the goods in good faith and in a commercially reasonable manner."[3] This is the provision that led to the dismissal of Creative's claim—as stated, the court commissioner found that Creative failed to prove that it disposed of the Hyundai in a commercially reasonable manner, and therefore failed to prove that it satisfied § 425.209(1).

¶9 The WCA also sets out remedies that are intended to advance one of its legislatively stated purposes: "[t]o protect customers against unfair, deceptive,

---

[3] In this context, the term "merchant" includes creditors. *See* WIS. STAT. § 421.301(25).

4

false, misleading and unconscionable practices by merchants." WIS. STAT. § 421.102(2)(b); *see also* ***First Wisconsin Nat'l Bank v. Nicolaou***, 113 Wis. 2d 524, 533, 335 N.W.2d 390 (1983) (remedies including fee shifting are meant to induce compliance with the provisions of the WCA). Among these remedies is the fee-shifting provision found in WIS. STAT. § 425.308. That statute allows a customer who prevails in certain actions that are governed by the WCA to recover their costs and attorney fees. *See* § 425.308. Specifically, the statute provides that, if "the customer prevails in an action arising from a consumer transaction, the customer shall recover the aggregate amount of costs and expenses determined by the court to have been reasonably incurred on the customer's behalf in connection with the prosecution or defense of such action, together with a reasonable amount for attorney fees." *See* § 425.308(1).

¶10 Case law has established a two-part test to determine whether a "customer" has "prevail[ed] in an action arising from a consumer transaction." *See* ***Community Credit I***, 221 Wis. 2d at 772. First, the customer must have "achieve[d] some significant benefit in litigation." ***Id.*** at 774. Second, this benefit must have been obtained "in litigation involving the creditor's violation of the WCA." ***Id.*** This test, initially adopted by this court, was later approved by our supreme court. *See* ***Community Credit Plan, Inc. v. Johnson (Community Credit II)***, 228 Wis. 2d 30, 35-36, 596 N.W.2d 799 (1999).

¶11 A significant portion of Rangel's appellate briefing is devoted to an argument that, by its plain language, WIS. STAT. § 425.308 makes no reference to any "violation" of the WCA. Therefore, Rangel argues, courts (including the circuit court here) err when they impose the second part of the ***Community Credit*** test. Whatever the merits of this argument, it cannot prevail in this court because I am bound to follow the published decisions of this court and the Wisconsin

5

Supreme Court. *See Cook v. Cook*, 208 Wis. 2d 166, 190, 560 N.W.2d 246 (1997). And binding opinions from both courts unequivocally establish that a customer is not entitled to a fee-shifting award unless the creditor violated the WCA. *Community Credit I*, 221 Wis. 2d at 774; *Community Credit II*, 228 Wis. 2d at 35-36; *see also Credit Acceptance Corp. v. Woodard*, 2012 WI App 43, ¶¶11-14, 340 Wis. 2d 548, 812 N.W.2d 525.

¶12 Turning to the application of this two-part test, the parties agree that Rangel "achieved [a] significant benefit in [this] litigation," when the commissioner determined that Rangel is not liable for the $10,000 that Creative sought. *See Community Credit I*, 221 Wis. 2d at 774. The dispute, here and in the circuit court, concerns the second requirement for fee shifting: that Rangel obtained this benefit "in litigation involving [Creative's] violation of the WCA." *See id.*

¶13 Rangel contends that his victory on the merits flowed directly from Creative's violation of the WCA—specifically, Creative's failure to dispose of the Hyundai in a "commercially reasonable manner." As noted above, WIS. STAT. § 425.209(1) makes such disposition a precondition for a deficiency judgment in these circumstances. Rangel submits that Creative violated § 425.209(1) when, after disposing of the Hyundai in a commercially unreasonable manner, it nevertheless sought to hold him liable for the deficiency. As a consequence, Rangel argues, Creative is liable for his costs and attorney fees under WIS. STAT. § 425.308.

¶14 Creative responds that any failure to dispose of the Hyundai in a commercially reasonable manner cannot be a "violation" of the WCA. According to Creative, the text of WIS. STAT. § 425.209 does not impose any "prohibition" on

the creditor, and therefore, a creditor cannot "violate" this section. It asserts that the overall effect of § 425.209 is to shield the customer from liability for a deficiency in various circumstances, only one of which is a merchant's failure to dispose of goods in a commercially reasonable manner. *See* § 425.209(1).[4] The fact that any of these circumstances are present, Creative contends, simply means that the customer does not owe anything more on the debt; it does not mean that the creditor has violated the WCA and must therefore pay the customer's costs and attorney fees.

¶15 The parties do not identify any case that addresses whether, by failing to dispose of a vehicle in a "commercially reasonable manner" and then seeking to recover the deficiency, a creditor violates the WCA. And while Creative is correct that WIS. STAT. § 425.209 does not expressly prohibit anything, the same is true of WIS. STAT. § 421.401(2), which establishes the proper venue for actions arising from consumer transactions. Nevertheless, in the *Community Credit* cases, both this court and our supreme court held that a creditor violated the WCA when it filed its claims in the wrong county, and that the customers were entitled to their attorney fees. *Community Credit I*, 221 Wis. 2d at 775; *Community Credit II*, 228 Wis. 2d at 37. Accordingly, it is not necessarily true that the lack of express prohibitory language in a given provision renders that provision incapable of "violation" for these purposes.

¶16 But I need not decide whether, or under what circumstances, a creditor's commercially unreasonable disposal of collateral could be said to have

---

[4] The other enumerated circumstances generally concern situations in which the amount owed at the time of default was less than $1,000. *See* WIS. STAT. § 425.209(2)-(6).

violated the WCA. This is because, as Creative also points out, there is nothing in the record that demonstrates that Creative actually disposed of the Hyundai in a commercially unreasonable manner. What the commissioner found—as is clearly reflected in the hearing minutes—is that Creative "failed to meet [the] burden of proof" by presenting "no evidence that [the] vehicle [was] sold in a commercially reasonable manner."

¶17 Creative's failure of proof foreclosed its claim against Rangel. This is because, as we have explained, the burden of showing commercially reasonable disposal lies with the creditor, and the customer is not obligated to raise the lack of such reasonable disposal as an affirmative defense. *Shoeder's Auto Ctr., Inc. v. Teschner*, 166 Wis. 2d 198, 200, 479 N.W.2d 203 (Ct. App. 1991). However, the absence of evidence of commercially reasonable disposal does not necessarily constitute affirmative evidence of commercially *unreasonable* disposal. This was the conclusion of the circuit court on de novo review, and it is also my conclusion: even assuming Rangel is correct that commercially unreasonable disposal could be a violation of the WCA, there is nothing in the record showing that Creative unreasonably disposed of the Hyundai.

¶18 I therefore conclude that the circuit court did not err when it denied Rangel's request for an award of the costs and attorney fees he incurred in defending against Creative's claim.

## II. Creative's Sanctions Motion

¶19 Separately, Creative has filed a motion asking this court for an award of costs, fees, and reasonable attorney fees on appeal. WISCONSIN STAT. RULE 809.25(3)(a) provides authority to this court to impose these costs and fees as a sanction for a frivolous appeal. Sanctions for frivolous filings serve an

important function in helping to "maintain[] the integrity of the judicial system and the legal profession." *Sommer v. Carr*, 99 Wis. 2d 789, 799, 299 N.W.2d 856 (1981). Nevertheless, this is "'an especially delicate area,'" and "court[s] must be cautious in declaring [actions or appeals] frivolous" to avoid stifling the development of the law. *Juneau County v. Courthouse Emps.*, 221 Wis. 2d 630, 640, 585 N.W.2d 587 (1998) (citation omitted).

¶20     An appeal is frivolous if either or both of two standards are satisfied: if the appeal "was filed … solely for purposes of harassing or maliciously injuring another," or if the appealing "party or the party's attorney knew, or should have known, that the appeal … was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law." *See* WIS. STAT. RULE 809.25(3)(c)1-2.[5] Creative asserts that Rangel's appeal is frivolous under both standards, and I begin with Creative's argument that the appeal was without any reasonable basis in law.

¶21     Sanctions are not authorized merely because a brief contains one or more frivolous arguments. *Baumeister v. Automated Prods., Inc.*, 2004 WI 148, ¶26, 277 Wis. 2d 21, 690 N.W.2d 1. To merit sanctions under the "without any reasonable basis" standard, an entire appeal must be frivolous. *Id.*, ¶¶25-26. If frivolous arguments provide the sole support for any proposition necessary for an appellant to prevail, the entire appeal is frivolous. *Thompson v. Ouellette*, 2023 WI App 7, ¶44, 406 Wis. 2d 99, 986 N.W.2d 338; WIS. STAT. § 895.044(5) (providing for sanctions "if any element necessary to succeed on [an] appeal is supported solely by" frivolous arguments).

---

[5] *See also* WIS. STAT. § 895.044(5) (providing identical standards).

¶22    Creative asserts that Rangel has not presented any nonfrivolous argument that Creative violated the WCA.  As noted, Wisconsin case law provides that a violation of the WCA is a precondition of the relief Rangel seeks; thus, Creative contends that Rangel has provided only frivolous argument in support of an "element necessary to succeed on the appeal."  *See* WIS. STAT. § 895.044(5).

¶23    I need not decide whether Rangel's argument that Creative violated the WCA is frivolous.  As discussed above, Rangel has also argued that the requirement of a violation is itself not in the statutory language, and suggested that the cases imposing this requirement were wrongly decided.  By its terms, this is an "argument for an extension, modification or reversal of existing law," and I have no basis to conclude that it was not offered in "good faith."  *See* WIS. STAT. RULE 809.25(3)(c)2.  This is true even though, as noted, I lack the power to overturn the published opinions that impose this requirement.  *See supra*, ¶11 (citing ***Cook***, 208 Wis. 2d at 190).  The court of appeals is not a court of last resort, and it would be appropriate for Rangel to assert his argument for a change in the law here if he were considering seeking relief from our supreme court.  Further, although Creative contends that Rangel forfeited this argument by failing to present it to the circuit court, "[t]he forfeiture rule is a rule of judicial administration, and … a reviewing court may disregard a forfeiture and address the merits of an unpreserved issue in an appropriate case."  ***State v. Counihan***, 2020 WI 12, ¶27, 390 Wis. 2d 172, 938 N.W.2d 530.  Because Rangel's nonfrivolous argument for a modification of existing law provides an alternative route to the relief he seeks, I would not conclude that the entire appeal is frivolous, even if I agreed that Rangel presented no nonfrivolous basis to conclude that Creative violated the WCA.

¶24     Creative also asserts that Rangel appealed "solely for purposes of harassing or maliciously injuring" Creative by causing it to incur legal fees in responding to the appeal. *See* WIS. STAT. RULE 809.25(3)(c)1. But Creative does not point to any support in the record for this assertion. It argues, in part, that Rangel has asserted "blatantly baseless arguments," a factor that we have relied on in determining whether an appeal is meant solely to harass or injure. *See NBZ, Inc. v. Pilarski*, 185 Wis. 2d 827, 842, 520 N.W.2d 93 (Ct. App. 1994). Yet, as discussed above, at least some of Rangel's arguments are not "blatantly baseless." The remainder of Creative's argument consists of speculation as to Rangel's counsel's pecuniary interests in recovering attorney fees. Even if Creative were correct in its conjecture about counsel's motivation, it would undermine, rather than support, Creative's position that counsel was solely motivated by a desire to harass or injure Creative.

¶25     For all of these reasons, I deny Creative's motion for costs, fees, and attorney fees.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.